Filed 1/15/14  P. v. Montanez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059246 |
| v. | (Super.Ct.No. FVA06563) |
| GILBERT ANDREW MONTANEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patricia M. Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gilbert Andrew Montanez appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

1

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).[1] Defendant filed a notice of appeal on July 24, 2013. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by amended felony complaint with one count of first degree residential burglary. (§ 459.) The amended complaint also alleged that defendant suffered a prior conviction of first degree burglary (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and that he had served a prior prison term (§ 667.5, subd. b). Defendant pled guilty to the first degree residential burglary charge. (§ 459.) On May 30, 1997, after denying defendant's *Romero*[2] motion, the court sentenced him to state prison for 25 years to life.[3] (§ 667, subd (e)(2).)

On May 9, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition on the ground that defendant's current conviction for first degree residential burglary (§ 459) made him ineligible for resentencing under section 1170.126, subdivision (e)(1).

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[3] We note that, although the limited record in this appeal does not clearly reflect so, the trial court found true the allegations that defendant had two prior strike convictions. (See *People v. Montanez* (Sept. 8, 1998, E020850) [nonpub. opn.].)

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the court erred in denying his petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
                                                                                J.

We concur:

RAMIREZ
                P. J.

CODRINGTON
                J.

3